UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 7:08-10-KKC

UNITED STATES OF AMERICA                                                                                        PLAINTIFF

V.                                              **OPINION AND ORDER**

DEMITRIUS CHAMBERS                                                                                          DEFENDANT

\* \* \* \* \*

This matter is before the Court on the United States' Motion in Limine [R. 9] in which it asks the Court to prohibit the Defendant from using the defense of duress or justification.

The Defendant is an inmate at the United States Penitentiary, Big Sandy ("Big Sandy"). He is charged with three counts of possessing a prohibited object inside the prison in violation of 18 U.S.C. § 1791(a)(2).

The government states that it will introduce evidence that Big Sandy staff found three homemade metal weapons or "shanks" on the Defendant during a routine pat down. The government states that it expects the Defendant to attempt to introduce proof of prison culture or a "convict code" to explain why he armed himself. It argues that such evidence does not warrant an instruction to the jury on the defense of duress or justification and, thus, should be excluded as irrelevant and potentially confusing.

The Court agrees that evidence regarding prison culture in general would not support a finding of duress and that such evidence should be excluded as irrelevant. However, in his response the Defendant states that he will present evidence that he was threatened with severe bodily harm if he did not take the prohibited objects to another location in the prison; that the objects were placed on him by another inmate; and that the Defendant had no reasonable legal alternative but to carry the prohibited objects due to the threatened harm.

The Sixth Circuit pattern jury instructions require the defendant to prove the following with

regard to a duress defense:

1) First, that the defendant reasonably believed there was an imminent threat of death or serious bodily injury to himself;
2) Second, that the defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;
3) Third, that the defendant had no reasonable, legal alternative to violating the law;
4) Fourth, that the defendant reasonably believed his criminal conduct would avoid the threatened harm; and
5) Fifth, that the defendant did not maintain the illegal conduct any longer than absolutely necessary.

*Sixth Circuit Pattern Jury Instruction Nos. 6.05 and 6.07*.

In order for the Defendant to present the defense of duress, he must "introduce evidence on all elements of the defense." *United States v. Campbell*, 675 F.2d 815, 821 (6th Cir. 1982). This burden is not a heavy one and is met even when the supporting evidence is weak or of doubtful credibility. *United States v. Johnson*, 416 F.3d 464, 467 (6th Cir. 2005). If the testimony given or proffered meets a minimum standard as to each element of the defense of duress, assuming the defense is available as a matter of law, a trial judge may not take the question of duress away from the jury. *Id.*

In an *ex parte* proceeding before the Court, the Defendant proffered sufficient evidence on each of the elements of the duress defense. Accordingly, the Court hereby ORDERS that the government's motion to preclude the duress defense [R. 9] is DENIED. The government may, however, reassert the motion, if warranted, after the evidence is actually presented at the trial of this matter.

Dated this 1st day of May, 2009.

**Signed By:**

***Karen K. Caldwell***

**United States District Judge**